IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| MILDRED J. PORTER, <br> Plaintiff | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:13cv00015 <br><br> **REPORT AND** <br> **RECOMMENDATION** <br><br> By:   P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small> <br>     United States Magistrate Judge |
| CAROLYN W. COLVIN,[1] <br> Acting Commissioner of <br> Social Security, <br>     Defendant | | |

Plaintiff's counsel in this social security case seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2012). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The plaintiff, Mildred J. Porter, filed suit in this court to obtain a review of the denial of a claim for benefits under the Social Security Act. The Commissioner of Social Security answered and both parties moved for summary judgment on the basis of the administrative record. Thereafter, a final judgment was entered remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C.A. § 405(g) (West 2011) (Docket Item No. 18). Plaintiff's counsel filed a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rules of Civil Procedure Rule 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

timely motion for an award of attorneys' fees in the amount of $ 1,982.50 pursuant to the EAJA. (Docket Item No. 19) ("Motion").  The court ordered the Commissioner to respond, and on May 7, 2014, the Commissioner did so, stating no objection to the requested amount of attorneys' fees.  (Docket Item No. 22).

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust.  *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2013). Porter is the "prevailing party" because of the remand pursuant to "sentence four" or 42 U.S.C. § 405(g).  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified.  *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I recommend that the court find that the plaintiff is entitled to an award of EAJA fees.  However, for the reasons that follow, I further recommend that the court award a fee in an amount less than that requested.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C.A. § 2412(d)(2)(A) (West 2006).

Porter's counsel has submitted an itemized record of attorney time expended in this case, showing a total of 15.25 hours.  (Docket Item No. 19).  As stated above, the Commissioner has not objected to the award of attorneys' fees.  However, using this court's opinion in *Chapman v. Astrue* as guidance, I find that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers."  2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)).  Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."  *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)).  In *Chapman*, this court found that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs."  2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced in rate or eliminated.  Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive.  Plaintiff's counsel has claimed 2.25 hours of attorney time for preparation of a letter, original and four copies of the Complaint, Civil Cover Sheet and Application to Proceed In Forma Pauperis.  Counsel also claims .25 hour of attorney time for completion of service by the court's CM/ECF system.  I recommend allowing 1 hour of nonattorney time and .25 hour of attorney time for these activities combined.  Plaintiff's counsel claims .50 hour of attorney time for

receipt via CM/ECF of confirmation of the filed Complaint, as well as the Order denying the IFP Application. I recommend allowing .25 hour of attorney time for these activities combined. Plaintiff's counsel claims .75 hour of attorney time for receipt via CM/ECF of the Answer, the Administrative Transcript, the Briefing Schedule and the Magistrate's Notice with Consent. I recommend allowing .25 hour of attorney time for these activities combined. Plaintiff's counsel claims .50 hour of attorney time for completion of the Motion for Summary Judgment and beginning work on the accompanying Brief. I find this request reasonable, and I recommend that the court allow such request. Plaintiff's counsel claims .25 hour of attorney time for mailing the signed consent to Magistrate Judge jurisdiction to the court. I recommend allowing .25 hour of nonattorney time for this activity. Plaintiff's counsel claims .25 hour of attorney time for review of the case in detail. I find this request reasonable, and I recommend that the court allow this. Plaintiff's counsel claims a total of 6.00 hours of attorney time for completing the Summary Judgment Brief, including reviewing and preparing research regarding the procedural history and preparation of the medicals for the Brief. I recommend allowing 1 hour of nonattorney time and 5 hours of attorney time for these activities. Plaintiff's counsel claims .25 hour of attorney time for leaving a telephone message with the United States Attorney's Office regarding a change in Porter's date last insured. I find this request reasonable, and I recommend that the court allow this request. Plaintiff's counsel claims .25 hour of attorney time for filing via CM/ECF the Motion for Summary Judgment and accompanying Brief, and plaintiff's counsel claims .25 hour of attorney time for receipt via CM/ECF of the notice of electronic filing of the same. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. Plaintiff's counsel claims .25 hour of attorney time for receipt via CM/ECF of the Notice of Appearance of Robert W. Kosman, as well as the

Commissioner's Motion for Summary Judgment and Brief.  Plaintiff's counsel also claims .25 hour of attorney time for receipt via CM/ECF of the Order referring the case to the Magistrate Judge.  I find both of these requests reasonable, and I recommend that the court allow such requests.  Plaintiff's counsel claims .25 hour of attorney time for receipt via CM/ECF of the Report and Recommendation and .25 hour of attorney time for like receipt of the Order remanding the case pursuant to sentence four.  I recommend allowing .25 hour of attorney time for these activities combined, as the Order remanding the case is a mere one page in length. Lastly, Plaintiff's counsel claims 2.5 hours of attorney time for preparation of the EAJA petition, including reviewing the file in detail, pulling out times and dates and preparing and revising the petition.  I recommend that the court allow 1 hour of nonattorney time and .50 hour of attorney time for this activity.

Based on the above reasoning, I recommend that the court not award the $1,982.50 in attorneys' fees requested by plaintiff's counsel.  Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time.  There are a total of 8.25 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $1,031.25 in compensable attorney time.  The remaining nonattorney activities total 3.5 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour)). That being the case, the nonattorney

5

time charges in this case total $262.50. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $1,293.75.[1]

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the Motion be granted, but that attorneys' fees under the EAJA in the reduced amount of $1,293.75 be awarded to plaintiff's counsel. Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has recently ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party. *See Astrue v. Ratliff,* 560 U.S. 586, 598 (2010). Thus, I recommend that attorneys' fees in the amount of $1,293.75 be paid directly to the plaintiff and sent to the business address of plaintiff's counsel.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

---

[1] Plaintiff's counsel initially requested a fee of $1,982.50, reflecting a total of 15.25 hours at $130.00 per hour. Although the Commissioner does not object to the award of attorneys' fees or to the amount sought by plaintiff's counsel, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). Counsel has offered no evidence to justify an hourly rate higher than $125.00 an hour in this case.

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.

At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: May 8, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE